CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

March 31, 2026

LAURA A. AUSTIN, CLERK
BY: **/s/ M. Poff**
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TERRY K. OFORI, | ) | |
| Plaintiff, | ) | Civil Action No. 7:25-cv-00261 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| LESLIE J. FLEMING, *et al.*, | ) | Chief United States District Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION

Terry K. Ofori, a Virginia inmate acting *pro se*, brought this action pursuant to 42 U.S.C. § 1983. The allegations in this action were brought in an amended complaint filed in Case No. 7:23-cv-398, which the court severed into eight total cases, including this one.

Before the court are motions to dismiss by several of the defendants. One motion to dismiss was filed by defendants Anderson, B.K. Bowman, J.L. Brown, J. Bryant, J. Clark, R.J. Cochrane, J. Combs, M.L. Daniel, C. Dotson, S.R. Farmer, W. Todd Farris, Leslie J. Fleming, C.W. Franks, W.R. Hensley, B.L. Hughes, T. Leedy, Carl A. Manis, M. Napier, M.D. Powers, W.K. Smith, Joseph B. Stallard, R. Stout, J.K. Thomas, M. Wright, and R.D. Young. (Dkt. No. 39.) The other motion was filed by defendant J. Rhoten. (Dkt. No. 44.)[1] Plaintiff has responded to both motions. (Dkt. No. 52.)

These motions will be granted based on the argument in both motions that plaintiff's claims are barred by the statute of limitations or by the doctrine of res judicata.

## I. BACKGROUND

The allegations in this action relate to several complaints that were filed by Ofori in 2018 at Wallens Ridge State Prison and retaliation against him for pursuing those complaints. (Dkt.

---

[1] Defendant Jones and Sargent John Doe have not been served. Another defendant, Byington, was served. His answer was due on February 20, 2026, but he has not filed an answer or made an appearance. (Dkt. No. 58.)

No. 1-1 at 6 (citing ¶¶ 32–42, 58–68).)  The allegations in those paragraphs primarily address actions occurring in 2018, but also 2016 and 2017.  (*See id.*)  Plaintiff filed the complaint in Case No. 7:23-cv-398 on July 5, 2023, and it was signed by Ofori on June 17, 2023.  (Dkt. No. 1.)  The amended complaint in the '398 case was filed on September 4, 2024.  (Dkt. No. 13.)

## II.  ANALYSIS

### A.  Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal and factual sufficiency.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007).  To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678.  The court need neither accept a complaint's legal conclusions drawn from the facts, *id.* at 679, nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  The court, however, accepts as true the complaint's well-pleaded factual allegations and construes these allegations, and the reasonable inferences drawn therefrom, in the light most favorable to the non-moving party.  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

### B.  Statute of Limitations

"The statute of limitations is an affirmative defense that may be raised in a Rule 12(b)(6) motion for failure to state a claim."  *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).  Section 1983 does not contain an explicit statute of limitations but borrows from the forum state's personal injury statute of limitations.  *Davis v. Eaton*, Civil Action No. 7:23cv00744, 2025 WL 3140806, at *3 (W.D. Va. Nov. 10, 2025) (citing *Owens v. Okure*, 488

U.S. 235, 251 (1989)).  In Virginia, that statute is two years.  Va. Code § 8.01-243(A); *Lewis v. Richmond City Police Dept.*, 947 F.2d 733, 735 (4th Cir. 1991).  This action was filed well past the expiration of the limitations period for Ofori's claims.

Ofori argues that the limitations period should be tolled by an action that he filed in 2020.  *See Ofori v. Fleming*, Case No. 7:20-cv-345 (W.D. Va.) (the 345 case).  Several of the defendants in this action were not defendants in the 345 case: Carl A. Manis, Anderson, J.L. Brown, W. Todd Farris, C. Dotson, C.W. Franks, B.K. Bowman, T. Leedy, J.K. Thomas, W.K. Smith, M.D. Powers, and W.R. Hensley.  Accordingly, the pendency of the 345 case did not toll the limitations period for any of Ofori's claims against these defendants.

The remaining defendants that have moved to dismiss were defendants in the 345 case.  The claims against Leslie J. Fleming, R.D. Young, R.J. Cochrane, M. Napier, M. Wright, J. Bryant, J. Clark, S.R. Farmer, and J. Rhoten[2] were dismissed for failure to state a claim.  Case No. 7:20-cv-345 (Dkt. No. 68.)  The claims against Joseph B. Stallard, B.L. Hughes, M.L. Daniel, J. Combs, and R. Stout were dismissed on summary judgment based on Ofori's failure to exhaust administrative remedies.  *Id.* (Dkt. No. 85.)

To the extent that these claims were dismissed without prejudice, the 345 case does not toll any of those claims because if a "suit is dismissed without prejudice, meaning it can be refiled, then the tolling effect of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." *Angles v. Dollar Tree Stores, Inc.*, 494 F. App'x 326, 330 (4th Cir. 2012) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)); *see also Brown v. Clarke*, 1:23cv315 (CMH/WEF), 2024 WL 4486179, at *2 (E.D. Va. Sept. 13, 2024) (citing *Angles* and

---

[2] Rhoten was named as Wroten in the 345 case.

finding prisoner was not entitled to tolling of limitations period by earlier-filed action that was dismissed without prejudice).  To the extent that any claims were dismissed with prejudice and are presented by Ofori in this lawsuit, those claims are barred by the law of preclusion.  "Under the doctrine of *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."  *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000). Finally, if Ofori has brought any claims against these defendants that he did not bring in the 345 case, then there would be no basis for the 345 case to toll the limitations period for such claims.

III.  CONCLUSION

The court will issue an appropriate order granting defendants' motions to dismiss.

Entered: March 31, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge